IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO. 1:95-CR-237-ID-01 |
| | ) |
| BERNARD JILES | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

This case is presently before the Court on a Motion to Reduce Sentence Under Title 18 U.S.C. § 3582(c)(2) Pursuant to Amendment 599 (Doc. # 157), which defendant Bernard Jiles ("Jiles") filed on May 21, 2009. Jiles argues in the Motion that Amendment 599, when applied retroactively to his sentence, requires that he be resentenced because he was given a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(5)[1] and a consecutive sentence pursuant to 18 U.S.C. § 924(c). After careful consideration of the defendant's submission, the prior proceedings in this case, and the applicable authorities, the Court finds that the Motion is due to be GRANTED.

**Facts and Procedural Background**

A jury convicted Jiles on four counts following a trial in May, 1996. (Doc. # 103.) The Jury found beyond a reasonable doubt that Jiles was guilty of possession with intent

---

[1] Under the current version of the guidelines, the relevant provision is found at § 2K2.1(b)(6), but the Court will use the old subsection number throughout this Opinion.

1

to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count I), use of a firearm in a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count II), being a felon in possession of a firearm on October 20, 1995 in violation of 18 U.S.C. § 922(g)(1) (Count III), and being a felon in possession of a firearm on October 23, 1995, also in violation of 18 U.S.C. § 922(g)(1) (Count VI).[2]

The Court sentenced Jiles on July 30, 1996, to a total term of 248 months. (Doc. # 113 p. 2.)  This term consisted of 188 months on Count I, 120 months on Counts III and VI to run concurrently with each other and with the sentence on Count I, and 60 months on Count II to be served consecutively to the sentences imposed on Counts I, III, and VI. The Court also imposed a three-year term of supervised release to be served after release from incarceration.

The presentence investigation report ("PSI") grouped Count I and III, but computed the guideline ranges for Counts II and VI separately because Count II was a conviction under a statute that mandated imposition of a consecutive sentence, § 924(g)(1), and Count VI, the second felon in possession count, was for a violation that occurred on a different day from the remaining crimes charged.  When calculating the offense level for the grouped counts, the probation office applied U.S.S.G. § 2K2.1(b)(5), which provided that if the defendant used or possessed any firearm or amunition in connection with another felony offense, the base offense level should be increased by four

---

[2]The Government dismissed Counts IV and V.

2

levels. The PSI stated: "In this case, the defendant used a firearm to commit an aggravated assault against Johnny Jerome Phillips. Four levels are added." This consideration was based on the following account from the "Offense Conduct" portion of the PSI:

10. Sometime prior to October 20, 1995, Bernand Jiles, a paraplegic and resident of Ozark, Alabama, gave Jerome Phillips approximately $400.00 worth of crack cocaine to hold for him until a later time. On October 20, 1995, Alicia Kirkland went to an apartment building at 970 South Union to examine some of the apartments that her employer was in the process of purchasing. Kirkland walked into the rear of a vacant apartment and observed John Jerome Phillips standing in the shower of the bathroom. The apartment was smoke filled and Kirkland later advised that it smelled like crack cocaine. Kirkland told Phillips that he was "busted" and that he was going to jail. Kirkland told Phillips to leave, which he did. Kirkland proceeded to the apartment of Hosea Stokes where she contacted Jiles and advised him of her encounter with Phillips. Jiles then had Edgar Wilson, a juvenile, take him to look for Phillips. Upon locating Phillips, Jiles asked him where the cocaine was. When Phillips replied that it was gone, Jiles instructed Wilson, who was carrying him in his arms, to turn. Once in position, Jiles shot Phillips in the leg at close range with a .357 magnum revolver.

11. . . .

12. On October 23, 1995, Ozark police responded to a reported shooting at Ozark Heights Housing Project in Ozark, Alabama. While responding to the scene, Ozark police located a green firebird driven by Dekishia Davis with the defendant as a passenger. Officer Jimmy Cook observed, in plain view, the handle of a revolver protruding from the center console of the vehicle. Officer Cook secured the firearm.

13. Dekishia Davis later advised police that the firearm belonged to Bernand Jiles and that she had just observed Jiles shooting at Mary Louise Williams in Ozark Heights just prior to being stopped. Evidence indicates that Jiles fired two rounds at Williams.

Following the imposition of his sentence, Jiles appealed his case to the Eleventh Circuit Court of Appeals, which affirmed this Court's trial rulings, including those attendant to the sentencing, on March 25, 1997. (Doc. # 120.)  Jiles then collaterally attacked his sentence pursuant to 28 U.S.C. § 2255, but was unsuccessful. (Doc. # 149.)  Jiles then moved this Court to reduce his sentence based on retroactive application of sentencing guidelines to crack cocaine offenses pursuant to 18 U.S.C. § 3582. (Doc. # 150.)  This Court denied that Motion (Doc. # 151), and the Eleventh Circuit affirmed on appeal (Doc. # 156).

Jiles has again moved this court to reduce his sentence based on a retroactive application of the sentencing guidelines.  He argues that retroactive application of Amendment 599 should result in a reduction in his sentence.  He argues that Amendment 599 made clear that a four-level enhancement for use of a firearm in connection with a felony offense pursuant to § 2K1.2(b)(5) should not be applied when the Court imposes a consecutive sentence pursuant to 924(c) for carrying a firearm during or in relation to a drug trafficking offense.  He argues that this change was recognized and applied by the Eleventh Circuit in *United States v. Brown*, 332 F.3d 1341 (11th Cir. 2003), and he argues this case governs the resolution of the instant Motion.  The Court now turns to the merits of these arguments.

## Discussion

The Court has carefully considered the arguments advanced by Jiles and had

determined that he is entitled to have his sentence reduced.

Amendment 599 to the Sentencing Guidelines, effective November 1, 2000, reflected the Sentencing Commission's desire to avoid "punish[ing] substantially the same conduct twice," and provided, in pertinent part, that where a defendant is convicted of an 18 U.S.C. § 924(c) offense for using a firearm during and in relation to a crime of violence or a drug trafficking crime, the defendant cannot also receive a base offense level enhancement in the underlying offense for his use of a firearm during the commission of that offense. *United States v. Brown*, 332 F.3d 1341, 1342 (11th Cir. 2003); *see also* U.S.S.G. App. C, Amend. 599. This amendment was given retroactive effect. *See* U.S.S.G. § 1B1.10(c).

The issue is whether Amendment 599 and the current version of U.S.S.G. § 2K2.4 preclude the application of a § 2K2.1(b)(5) four-level enhancement for possession of a firearm in connection with another felony offense to Jiles's 922(g) conviction for being a felon in possession of a firearm when he was also sentenced for his § 924(c) conviction for using or carrying firearms during and in relation to a drug trafficking offense. *See Brown*, 332 F.3d at 1343.

When a defendant is convicted under § 922(g) of being a felon in possession of a firearm, the applicable sentencing guideline is § 2K2.1 (Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition; Prohibited Transactions Involving Firearms or Ammunition). Section 2K2.1(a) contains several base offense levels and requires that the greatest applicable base offense level be applied. A § 922(g) conviction warrants a

5

base offense level of 24 under § 2K2.1(a)(2), if "the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." In addition, § 2K2.1(b) provides specific offense characteristics, which enhance the offense level for the covered offenses. Section 2K2.1(b)(5) increases the offense level by 4 "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense."

When a defendant is convicted under § 924(c), for possessing a firearm in relation to a drug crime, the relevant sentencing guideline is § 2K2.4 (Use of Firearm, Armor-Piercing Ammunition, or Explosive During or in Relation to Certain Crimes), which provides that the statutory sixty-month consecutive sentence must be imposed. U.S.S.G. § 2K2.4(a). Application Note 4 of the Commentary to § 2K2.4 provides certain instances when specific offense characteristics regarding explosives or firearms are not to be applied to the base offense level for other convictions.

Amendment 599 to the Sentencing Guidelines changed the language of Application Note 4, which now provides, in pertinent part:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under

6

> § 1B1.3 (Relevant Conduct)....
>
> If the ... weapon that was possessed ... in the course of the underlying offense also results in a conviction that would subject the defendant to an enhancement under ... § 2K2.1(b)(5) ..., do not apply that enhancement. A sentence under this guideline accounts for the conduct covered by these enhancements because of the relatedness of that conduct to the conduct that forms the basis for the conviction under ... § 924(c). For example, if in addition to a conviction for an underlying offense of armed bank robbery, the defendant was convicted of being a felon in possession under 18 U.S.C. § 922(g), the enhancement under § 2K2.1(b)(5) would not apply.

U.S.S.G. § 2K2.4 comment (n.4). Most importantly for the purposes of the instant Motion, the amendment language provides that if the weapon possessed "in the course of the underlying offense also results in a conviction that would subject the defendant to an enhancement under ... § 2K2.1(b)(5) ..., do not apply that enhancement." U.S.S.G. § 2K2.4 comment. (n. 4). The weapon possessed by Jiles in the underlying drug trafficking offense resulted in his first conviction under § 922(g), therefore, the § 2K2.1(b)(5) enhancement cannot be applied. *See Brown*, 332 F. 3d at 1346. As the Eleventh Circuit stated in *Brown*, the Sentencing Commission has chosen to equate the wrongs being punished by a § 2K2.1(b)(5) enhancement and a § 924(c) sentence and require the election of one or the other. *Id.* The sentence this Court imposed prior to Amendment 599 does not comply with this mandate, so the Motion to Reduce Sentence is GRANTED.

## Calculation of New Guideline Sentence

United States Sentencing Guideline § 3D1.1 instructs the Court that when a defendant has been convicted of more than one count, the Court shall group the counts

into distinct groups of closely related counts by applying the rules in U.S.S.G. § 3D1.2. That section provides that counts that involve substantially the same harm shall be grouped together into a single group. In this case, Counts I, III, and VI are grouped because the possession of a firearm can be treated as a specific offense characteristic under Count I, Possession with Intent to Distribute Cocaine Base, pursuant to 3D1.2(c), and Count VI must be grouped with Count III pursuant to U.S.S.G. 3D1.2(d), which provides that offenses covered by U.S.S.G. § 2K2.1 must be grouped and both Counts III and VI are covered by U.S.S.G. § 2K2.1. The grant of Jiles' Motion does not affect the guideline calculation for possession of a firearm during and in relation to a crime of violence in violation of § 924(c) as charged in Count II.

    The calculation for the grouped counts is as follows: First, the offense level for Felon in Possession of a Firearm (Counts III and VI) is greater than that for Count I, so USSG § 2K2.1 is used to determine the sentence for the group. Thus, the base offense level is unchanged and remains 24. Because of Amendment 599, there are no adjustments for the specific offense characteristics, which is a change from the original calculation. There are no other changes to the original calculations, so the adjusted offense level for the group is 24, down from 28. Together with the criminal history category V, as determined at the time of sentencing, this results in a sentencing range of 92-115 months for the grouped counts, plus 60 months on Count II to be served consecutively to the sentence on the grouped counts, for a total range of 152-175 months. This is down from a total sentence of 211-248 months.

    The Court sentenced Jiles on July 30, 1996, to a total term of 248 months. (Doc. # 113 p.

2.)  This term consisted of 188 months on Count I, 120 months on Counts III and VI to run concurrently with each other and with the sentence on Count I, and 60 months on Count II to be served consecutively to the sentences imposed on Counts I, III, and VI.  The Court also imposed a three-year term of supervised release to be served after release from incarceration.  Because this sentence was at the top of the guideline range, the Court, after considering the factors set forth in 18 U.S.C. §§ 3553(a) and 3582, finds that the top of the range is appropriate.  Therefore, it is CONSIDERED and ORDERED that the Motion to Reduce Sentence (Doc. # 157) be and the same is hereby GRANTED.  It is further ORDERED that Defendant is sentenced to a total term of 175 months.  This term consists of 115 months for Counts I, III, and VI, each term to be served concurrently, and 60 months on Count II to be served consecutively to the sentences imposed on Counts I, III, and VI.  It is also ORDERED that the defendant serve a term of supervised release of three years for Counts I, II, III, and VI, each such term to run concurrently.

  Done this 24th day of September, 2009.

                /s/ Ira DeMent
              SENIOR UNITED STATES DISTRICT JUDGE